# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

**UNITED STATES OF AMERICA**

**VS.**

**LANCE P. McDUFFIE,**

        **Defendant**

NO. 3: 06-CR-34 (CAR)

**VIOLATION: Drug Related**

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Larry W. Fouché of the Macon Bar; the United States was represented by Assistant U. S. Attorney Tamara Jarrett. Based upon the evidence presented and the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Service Report from the District of South Carolina dated January 31, 2007, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the testimony of Deputy Robbie McCannon of the Greene County Sheriff's Office, as well as other evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of January 31, 2007, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant MCDUFFIE were he to be released from custody at this time. The offense charged against the defendant is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty; his estimated guideline sentencing range is 70 to 87 months in prison. The weight of evidence is strong: the defendant was found in possession of a large amount of cocaine in the automobile he was driving.

**Defendant McDUFFIE has no ties to the Middle District of Georgia. He has resided in Greenwood, South Carolina his entire life, has family there, and has been gainfully employed. He has a criminal conviction record which includes POSSESSION OF CRACK COCAINE, 1994, Municipal Court of Greenwood, South Carolina (at age 17-First offense) and POSSESSION WITH INTENT TO DISTRIBUTE COCAINE, 1998, U.S. District Court, Washington, D.C.**

**Of significance in considering the defendant's release from custody on conditions are the facts surrounding his arrest on I-20 in Greene County on April 26, 2006. He was arrested at that time for DRIVING ON A SUSPENDED LICENSE, and he was handcuffed with his hands behind his back. Upon the search of his vehicle, verbal consent having been given for said search, a large amount of cocaine was discovered under the front seat of his vehicle. At that time, defendant McDUFFIE fled the scene and eluded capture by Deputy McCannon. The defendant was able to flee all the way to South Carolina and remained a fugitive until his arrest in South Carolina in January, 2007. Thus, the undersigned finds that he poses a serious risk of flight.**

**For the foregoing reasons, pretrial detention is mandated and is SO ORDERED AND DIRECTED.**

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED, this 7th day of MARCH, 2007.**

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**